IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CURTIS STAVINOHA, CASSIDY SHULTZ, DORIS ORSAK, CATHY HASKELL and ALFREDO GARZA, on Behalf of Themselves and Others Similarly Situated, § § § § § § | | |
| Plaintiffs, § | | |
| vs. § | CIVIL ACTION NO. 11-826 | |
| SATTERFIELD AND PONTIKES CONSTRUCTION, INC., § § § | | |
| Defendant. § | JURY TRIAL DEMANDED | |

**PLAINTIFFS' COLLECTIVE ACTION COMPLAINT**

Plaintiffs Curtis Stavinoha, Cassidy Shultz, Doris Orsak, Cathy Haskell, and Alfredo Garza ("Plaintiffs") bring this collective action complaint on behalf of themselves and others similarly situated to recover unpaid overtime wages from Satterfield and Pontikes Construction, Inc. ("Defendant").

### I. NATURE OF SUIT

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers . . . ." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. 29 U.S.C. §§ 206(a) & 207(a).

2. The overtime requirements of the FLSA serve the purposes of: 1) spreading out employment by placing financial pressure on the employer to hire additional workers rather than employing the same number of workers for longer hours; and 2) compensating employees who

work overtime.

3.  Defendant violates the FLSA by failing to pay certain of its non-exempt employees overtime for each hour those employees work in excess of 40 hours per work week. Accordingly, Plaintiffs bring this collective action to recover unpaid overtime compensation under section 216(b) of the FLSA.

## II. JURISDICTION AND VENUE

4.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because it arises under the laws of the United States, specifically under the FLSA, 29 U.S.C. § 201, *et seq.*

5.  Plaintiffs' claims arise under section 16(b) of the FLSA. 29 U.S.C. § 216(b). In connection with the acts and course of conduct alleged in this complaint, Plaintiffs engaged in commerce or in the production of goods for commerce. Further, Defendant is an employer that engaged and continues to engage in commerce or in the production of goods for commerce and is, therefore, covered by the FLSA.

6.  Venue is proper in the Western District of Texas – San Antonio Division because the majority of the acts and conduct charged herein occurred in this district.

## III. THE PARTIES

7.  Plaintiff Curtis Stavinoha ("Stavinoha") is a resident of Bexar County, Texas. Stavinoha was an employee employed by Defendant within the meaning of the FLSA. Stavinoha's consent to this action is attached as Exhibit 1.

8.  Plaintiff Cassidy Shultz ("Shultz") is a resident of Guadalupe County, Texas. Shultz was an employee employed by Defendant within the meaning of the FLSA. Shultz's consent to this action is attached as Exhibit 2.

9.  Plaintiff Doris Orsak ("Orsak") is a resident of Guadalupe County, Texas. Orsak was an employee employed by Defendant within the meaning of the FLSA. Orsak's consent to this action is attached as Exhibit 3.

10. Plaintiff Cathy Haskell ("Haskell") is a resident of Duval County, Florida. Haskell was an employee employed by Defendant within the meaning of the FLSA. Haskell's consent to this action is attached as Exhibit 4.

11. Plaintiff Alfredo Garza ("Garza") is a resident of Bexar County, Texas. Garza was an employee employed by Defendant within the meaning of the FLSA. Garza's consent to this action is attached as Exhibit 5.

12. The class of similarly situated employees consists of all current and former employees of Defendant who worked in the positions of Project Managers, QCS (Quality Control System) RMS Clerks, Project Administrators, Office Managers, Administrative Assistants, and QC Electrical Inspectors, as well as those individuals with responsibility for handling Defendant's certified payroll, and who were not paid overtime for each hour those employees worked in excess of 40 hours per work week. These similarly situated persons are referred to as "Members of the Class" or "the Class."

13. Defendant Satterfield and Pontikes Construction, Inc. is a Texas corporation and is within the jurisdiction of this Court. Defendant is an "employer" under the FLSA and acted as such in relation to Plaintiffs and Members of the Class. Defendant may be served with process through its registered agent, CT Corporation System, at 350 N. St. Paul St., Ste. 2900, Dallas, Texas 75201.

## IV. FACTS UNDERLYING THE CLAIMS

14. Plaintiff Stavinoha worked for Defendant between approximately June 2009 and April 2010. Although Stavinoha held the title of Project Engineer, his duties were more akin to those of an administrative/clerical employee. Specifically, Stavinoha's primary duties included data entry, maintaining project records and other paperwork, and processing submittals. Stavinoha performed such duties for Defendant at the Ft. Sam Houston Base and Judson Elementary School, both located in San Antonio, Texas. Stavinoha's primary duties were, at all

times, those of a non-exempt employee under the FLSA.[1]

15.     Stavinoha worked, on average, 55 hours per week during his employment with Defendant.  Nevertheless, Stavinoha's immediate supervisor, Rodney Rodriguez, instructed Stavinoha not to record more than 40 hours on his weekly timesheets, citing the fact that Stavinoha was a "salaried employee."  Because Stavinoha was a non-exempt employee, Defendant was required to pay him at one and one-half (1 ½) times his regular hourly rate for those hours he worked in excess of 40 hours in a single work week.  29 U.S.C. § 207(a).  However, Defendant did not compensate Stavinoha for all hours he worked in excess of 40 at one and one-half times (1 ½) his regular hourly rate.  Instead, Defendant merely paid Stavinoha a "salary," rather than paying Stavinoha the statutorily required overtime rate for each hour he worked in excess of 40 in a work week.[2]

16.     Because Stavinoha was entitled to be paid for all hours he worked in excess of 40 in a work week, Defendant's practice of failing to pay Stavinoha overtime for those hours was a clear violation of the FLSA.

17.     Plaintiff Shultz worked for Defendant between approximately July 2008 and August 2011 in the position of QCS (Quality Control System) RMS Clerk.  Shultz's primary duties included data entry in the QCS RMS system, entering payroll data, and showing other employees how to complete certified payroll.  Shultz performed such duties for Defendant at the Ft. Sam Houston Base, Lackland Air Force Base, and Defendant's "federal office" and "commercial office" (all located in San Antonio, Texas), as well as at various jobsites on which Defendant had projects, including those in Pensacola, Florida, Ft. Leavenworth (in Leavenworth, Kansas), and at Harper's Ferry, West Virginia.  Shultz's primary duties were, at all times, those

---

[1] In or about March 2011, the U.S. Department of Labor determined that Stavinoha was a non-exempt employee under the FLSA, and that he was, therefore, entitled to overtime compensation for hours he worked in excess of 40 in a work week.  In response, on or about March 25, 2011, Defendant issued a check to Stavinoha for a portion of the overtime wages he is owed.  Defendant did not, however, pay Stavinoha all the monies to which he is entitled or any liquidated damages.

[2] For a period of approximately three (3) weeks in or about July 2009, Defendant temporarily reclassified Stavinoha from "non-exempt" to "exempt" under the FLSA and paid him overtime (which was likely calculated incorrectly) for hours he worked in excess of 40 hours in a work week.  At the end of that three-week period, Defendant reclassified Stavinoha as "exempt" under the FLSA and failed and refused to pay him overtime for hours he worked in excess of 40 hours in a work week.

of a non-exempt employee under the FLSA.[3]

18. Shultz worked, on average, 46.25 hours per week during her employment with Defendant. Nevertheless, Shultz was instructed not to record more than 40 hours on her weekly timesheets, even though Shultz voiced her concern to Defendant that such a practice was in violation of the law. Because Shultz was a non-exempt employee, Defendant was required to pay her at one and one-half (1 ½) times her regular hourly rate for those hours she worked in excess of 40 hours in a single work week. 29 U.S.C. § 207(a). However, Defendant did not compensate Shultz for all hours she worked in excess of 40 at one and one-half times (1 ½) her regular hourly rate. Instead, from the time Shultz began her employment through approximately October 2010, Defendant merely paid Shultz a "salary," rather than paying Shultz the statutorily required overtime rate for each hour she worked in excess of 40 in a work week.

19. Because Shultz was entitled to be paid for all hours she worked in excess of 40 in a work week, Defendant's practice of failing to pay Shultz overtime for those hours was a clear violation of the FLSA.

20. Plaintiff Orsak worked for Defendant between approximately June 2009 and April 2010. Orsak's primary duties included entering and completing certified payroll. Orsak performed such duties for Defendant at Defendant's "federal office" in San Antonio, Texas, at the Armed Forces Reserve Center in San Marcos, Texas, and she attended meetings at the Ft. Sam Houston Base in San Antonio, Texas. Orsak's primary duties were, at all times, those of a non-exempt employee under the FLSA.[4]

21. Orsak worked, on average, 60 hours per week during her employment with Defendant. Nevertheless, Orsak was instructed not to record more than 40 hours on her weekly timesheets. Indeed, Defendant informed Orsak that it did not compensate employees for time they spent over 40 hours in a week, and that it would not sign timesheets that reflected more than

---

[3] In or about October 2010, although her primary job duties remained the same, Defendant reclassified Shultz from "exempt" to "non-exempt," and began paying her overtime if she worked it.

[4] In or about March 2011, the U.S. Department of Labor determined that Orsak was a non-exempt employee under the FLSA, and that she was, therefore, entitled to overtime compensation for hours she worked in excess of 40 in a work week. In response, Defendant issued a check to Orsak for a portion of the overtime wages she is owed. Defendant did not, however, pay Orsak all the monies to which she is entitled or any liquidated damages.

40 hours.  Because Orsak was an hourly, non-exempt employee, Defendant was required to pay her at one and one-half (1 ½) times her regular hourly rate for those hours she worked in excess of 40 hours in a single work week.  29 U.S.C. § 207(a).  However, Defendant did not compensate Orsak for all hours she worked in excess of 40 at one and one-half times (1 ½) her regular hourly rate.

22. Because Orsak was entitled to be paid for all hours she worked in excess of 40 in a work week, Defendant's practice of ailing to pay Orsak overtime for those hours was a clear violation of the FLSA.

23. Plaintiff Haskell worked for Defendant between approximately February 2009 and October 2009.  Although Plaintiff worked under various titles, including Project Administrator, Office Manager, and Administrative Assistant, her duties were always the same.  Those duties included scheduling and facilitating meetings, reviewing pay-outs, coordinating between contractors and the project team, and completing timesheets.  Haskell performed such duties for Defendant at the Ft. Sam Houston Base in San Antonio, Texas.  Despite her impressive-sounding titles, Haskell's primary duties were, at all times, those of a non-exempt employee under the FLSA.

24. Haskell worked, on average, 67 hours per week during her employment with Defendant.  Because Shultz was a non-exempt employee, Defendant was required to pay her at one and one-half (1 ½) times her regular hourly rate for those hours she worked in excess of 40 hours in a single work week.  29 U.S.C. § 207(a).  However, Defendant did not compensate Haskell for all hours she worked in excess of 40 at one and one-half times (1 ½) her regular hourly rate.

25. Because Haskell was entitled to be paid for all hours she worked in excess of 40 in a work week, Defendant's practice of ailing to pay Haskell overtime for those hours was a clear violation of the FLSA.

26. Plaintiff Garza worked for Defendant between approximately September 2008 and December 2009 in the position of QC Electrical Inspector.  Garza's primary duty was to

6

serve as a liaison between Defendant, the Corps of Engineers, and Fisk Electric. Garza performed such duties for Defendant at the Ft. Sam Houston Base located in San Antonio, Texas. Garza's primary duties were, at all times, those of a non-exempt employee under the FLSA.[5]

27.     Garza worked, on average, 58 hours per week during his employment with Defendant. Because Garza was a non-exempt employee, Defendant was required to pay him at one and one-half (1 ½) times his regular hourly rate for those hours he worked in excess of 40 hours in a single work week. 29 U.S.C. § 207(a). However, Defendant did not compensate Garza for all hours he worked in excess of 40 at one and one-half times (1 ½) his regular hourly rate. Instead, Defendant merely paid Garza a "salary," rather than paying Garza the statutorily required overtime rate for each hour he worked in excess of 40 in a work week.

28.     Because Garza was entitled to be paid for all hours he worked in excess of 40 in a work week, Defendant's practice of ailing to pay Garza overtime for those hours was a clear violation of the FLSA.

29.     Defendant's illegal pattern and practice with respect to improperly paying Plaintiffs all overtime compensation to which they were entitled was and is in violation of the FLSA. Defendant knew or should have known that its policies and practices violate the FLSA, and Defendant has not made a good faith effort to comply with the FLSA. Rather, Defendant knowingly, willfully, and/or with reckless disregard carried out its illegal pattern or practice regarding its failure to pay Plaintiffs the proper amount of overtime compensation. Further, as set forth below, other employees of Defendant are/were not paid the proper amount of overtime for each hour those employees work/worked in excess of 40 per work week, and they are/were subjected to the same wrongful policies, practices, and/or procedures.

### V. COLLECTIVE ACTION ALLEGATIONS

30.     Other persons employed by Defendant have been victimized by the foregoing patterns, practices, and/or policies, which are in violation of the FLSA. Plaintiffs are aware that

---

[5] In or about March 2011, the U.S. Department of Labor determined that Garza was a non-exempt employees under the FLSA, and that he was, therefore, entitled to overtime compensation for hours he worked in excess of 40 in a work week. In response, Defendant issued a check to Garza for a portion of the overtime wages he is owed. Defendant did not, however, pay Garza all the monies to which he is entitled or any liquidated damages.

other individuals employed in the same positions in which Plaintiffs worked are/were not paid one and one-half (1 ½) times their basic hourly rate for hours they work in excess of 40 hours in a work week.  Upon information and belief, individuals employed by Defendant in the positions of Project Managers, QCS (Quality Control System) RMS Clerks, Project Administrators, Office Managers, Administrative Assistants, QC Electrical Inspectors, as well as those individuals with responsibility for handling Defendant's certified payroll, are victims of this practice.  Thus, Plaintiffs are aware that the illegal practices or policies imposed upon them have been imposed upon other individuals employed by Defendant.

31. Accordingly, Defendant's pattern or practice of failing to pay employees occupying the above positions one and one-half (1 ½) times their respective regular hourly rates for hours worked in excess of 40 in a work week is a generally applicable policy or practice and does not depend on the personal circumstances of the Members of the Class.  Thus, Plaintiffs' experience is typical of the experience of the Members of the Class.

32. All individuals employed by Defendant in the positions of Project Managers, QCS (Quality Control System) RMS Clerks, Project Administrators, Office Managers, Administrative Assistants, and QC Electrical Inspectors, as well as those individuals with responsibility for handling Defendant's certified payroll, who were not paid overtime for hours worked in excess of 40 hours in a work week, are similarly situated.  Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The class is therefore defined as:

> All current and former employees, including, but not limited to, individuals employed in the positions of Project Managers, QCS (Quality Control System) RMS Clerks, Project Administrators, Office Managers, Administrative Assistants, and QC Electrical Inspectors, as well as those individuals with responsibility for handling Defendant's certified payroll, who were not paid overtime compensation for hours worked in excess of 40 hours in a work week.

## VI. CAUSE OF ACTION

33. Plaintiffs incorporate herein all allegations contained in paragraphs 1 through 32.

34. Defendant's practice of failing to pay overtime for hours worked in excess of 40 hours in a work week to Plaintiffs and Members of the Class violates the FLSA. 29 C.F.R. § 778.207(b). None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed for hours worked in excess of 40 hours in a work week are applicable to Defendants, Plaintiffs, or Members of the Class.

35. Plaintiffs and all those similarly situated are entitled to their unpaid overtime wages, an amount equal to all their unpaid wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action.

## VII. JURY DEMAND

36. Plaintiffs hereby demand a trial by jury.

## VIII. PRAYER

37. WHEREFORE, Plaintiffs Curtis Stavinoha, Cassidy Shultz, Doris Orsak, Cathy Haskell, and Alfredo Garza respectfully request that judgment be entered in their favor, awarding them and all similarly situated employees:

a. overtime wages for all hours worked in excess of 40 hours in a work week at the rate of one and one-half (1 ½) times their respective regular hourly rates;

b. an equal amount as liquidated damages as allowed under the FLSA;

c. reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA, including all fees necessary in the event of an appeal of this cause to the United States Fifth Circuit Court of Appeals and the Supreme Court of the United States, as this Court deems equitable and just;

d. post-judgment interest at the highest legal rate; and

e. such other and further relief as may be required at law or in equity.

Respectfully submitted,

By: */s/ Daryl J. Sinkule*
DARYL J. SINKULE
State Bar No. 24037502
Federal ID No. 34842
MARTIN A. SHELLIST
State Bar No. 00786487
Federal ID No. 16456
3D/International Tower
1900 West Loop South, Suite 1910
Houston, Texas 77027
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

**Of Counsel:**
SHELLIST | LAZARZ | SLOBIN LLP

**ATTORNEYS FOR PLAINTIFFS
AND MEMBERS OF THE CLASS**